SECOND DEPARTMENT, JULY TERM, 1879.

ADDISON B. HALL AND GEORGE W. CAMPBELL, EXECUTORS, ETC., OF GEORGE C. HALL, DECEASED, APPELLANTS, *v.* ANNIE HALL, MARGARET J. HALL, FRANCIS H. HALL AND MARY HALL, RESPONDENTS.

*Commissions — an executor acting as trustee not entitled to commissions in each capacity.*

A testator, after making certain bequests, conveyed all the residue of his property to his executors to be invested and held by them as trustees for his wife and children, with directions to them to pay over certain portions of the income to his wife for life, and to each child during minority, and on the death of the wife and the majority of each child to pay over the fund in accordance with other provisions of his will. Upon an accounting by the executors they were allowed full commissions for receiving and paying over the estate.

*Held*, that they were not entitled to again receive commissions as trustees, upon receiving and paying over each share.

APPEAL from a decree of the surrogate of Kings county, made upon the accounting of the appellants as executors and trustees under the will of George C. Hall, deceased.

The testator, by the eighth clause of his will, devised and bequeathed all the rest, residue and remainder of his estate "unto my executors hereinafter nominated and appointed," in trust, to convert the same into money, divide his estate into as many parts as he should leave children, with one additional part for his wife, if living, invest each share and apply the income and profit thereof to the support of his wife, during her life, and to the support of each child during its minority, and to pay over each share upon the death or majority of its beneficiary as therein provided.

The executors, having received full commissions as executors, claimed to be entitled to receive them again, as trustees, upon paying over to a child, who had attained its majority, its distributive share. From the disallowance of this claim by the surrogate, the executors appealed.

*J. C. Smith*, for the appellants. Addison B. Hall and George W. Campbell, in the investment of the funds of the estate, and in the payment over of the share to the child attaining

its majority, were acting as trustees and not as executors, and were entitled on this accounting to full commissions as trustees on the amount to be paid over to such child, and to one-half commissions on the amounts to be held for the widow, and for the other two children of the testator for receiving the same. (*In the Matter of Edward Schell*, 53 N. Y., 263; *In re estate of Prince*, 1 Tucker's Rep., 119; *Cram* v. *Cram*, 2 Redfield [Sur. Rep.], 244; *Matter of Pike*, 2 Redfield's Rep., 255; Laws of 1866, vol. 1, p. 233, § 1; *Phelps* v. *Gebhard Fire Ins. Co.*, 9 Bosw., 404; *Wagstaff* v. *Lowery*, 3 Abb., 411; *In the Matter of De Peyster*, 4 Sandf. Ch. Rep., 511; *Cairns* v. *Chanbert*, 9 Paige, 160; *In the Matter of Kellogg*, 7 id., 267.)

*J. T. Marean*, for the respondents. The services of the appellants in the administration, care, management and distribution of the personal estate, have been done and are hereafter to be done as executors purely, and their services in respect to the real estate have been and are to be performed as donees of a personal trust or power in trust and not by virtue of their office. Having received full commissions as executors they cannot receive them again as trustees. (2 Rev. Stat., 72, § 22; *Conklin* v. *Edgerton*, 21 Wend., 430; affirmed, 25 id., 224; *Dominick* v. *Michael*, 4 Sandf., 374; *Beekman* v. *Bonsor*, 23 N. Y., 304; *Roome* v. *Phillips*, 27 id., 363; *Matter of Anderson*, 5 N. Y. Leg. Ob., 302; *Bogert* v. *Hertell*, 4 Hill, 492; *Dunning* v. *Ocean National Bank*, 6 Lans., 299; affirmed, 61 N. Y., 497; *Bain* v. *Matteson*, 54 id., 667; *Casoni* v. *Jerome*, 58 id., 315; *Bunn* v. *Vaughn*, 3 Keyes, 345; *Gilchrist* v. *Rea*, 9 Paige, 72; *DePeyster* v. *Clandenning*, 8 id., 310; *Smith* v. *Edmonds*, 10 N. Y. Leg. Ob., 190; *In re Place*, 1 Redf., 286; *McMahon* v. *Allen*, 4 E. D. Smith, 554; *Newton* v. *Bronson*, 13 N. Y., 593; *Bolton* v. *Brewster*, 32 Barb., 394; *Bolton* v. *Jacks*, 6 Rob., 228.)

BARNARD, P. J. :

The testator, by the eighth clause of his will, directed his executors, after payment of debts and a few specified legacies, to invest his personal estate for the benefit of his widow and children separately. The income was to be paid to the widow for life and

the income of the separate shares to be applied for the support and education of the children during minority, and to be paid each when they severally arrived at the age of twenty-one years. The executors have, upon an accounting, received the full commission for receiving and paying out the entire estate and claim now a full commission again for receiving and paying out each separate share as trustees. I think the trust and the executorship are inseparable. The terms of the will are broad enough to create a trust but it is only in the execution of the will. It is such a trust as any administrator, with the will annexed, would carry out if the present executor should die, and an administrator, with the will annexed, be appointed. Whatever trust there is, is annexed to the office of executor and not to the persons of the executors. There is no paying out under this will until it is paid to the heirs.

The judgment should be affirmed, with costs.

DYKMAN, J., concurred.

Present — BARNARD, P. J., GILBERT and DYKMAN, JJ.

Decree of surrogate affirmed, with costs.